## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| TAYLOR MILLER,<br>    *Plaintiff,*<br><br><br>v.<br><br><br><br>DANNY SPEARS, INDIVIDUALLY, and<br>INDIGO FACILITY PARTNERS,<br>    *Defendants.* | Civ. Action No.1:21-cv-841<br><br><br><br>**NOTICE OF REMOVAL**<br><br><br>**UNDER 28 U.S.C. §§ 1331, 1441, 1446** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1331, this action is hereby removed from the County Court at Law No. 1 of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division. The undersigned Defendants that received Plaintiff's Original Petition and Request for Disclosure ("Petition") within the 30 days prior to the filing of this Notice of Removal remove this action with the reservation of all rights and defenses. 28 U.S.C. § 1446(b)(2)(B).

### STATEMENT OF THE CASE

1.      Plaintiff, Taylor Miller ("Plaintiff") filed her Petition against the Defendants listed above (collectively, "Defendants") in the County Court at Law No. 1 of Travis County, Texas, with Cause No. C-1-CV-21-003876, on August 17, 2021.

**VENUE**

2.      The United States District Court for the Western District of Texas, Austin Division, is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a), because it embraces the place where Plaintiff originally filed this case—in Travis County, Texas. 28 U.S.C. § 124(d)(1); 28 U.S.C. § 1441(a).

**REMOVAL IS TIMELY**

3.      Defendant Danny Spears, individually, was served with a copy of the petition on August 23, 2021.

4.      Defendant Indigo Facility Partners, was served with a copy of the petition on August 23, 2021.

5.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Defendants as of the date of this filing are attached collectively to this Notice of Removal as **Exhibit A** and incorporated herein by reference.

6.      Notice of Removal is timely because it is filed within 30 days of August 23, 2021. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

**ALL DEFENDANTS SERVED CONSENT TO THIS REMOVAL**

7.      The undersigned Defendants have all been served by the date of this filing.

8.      Defendants received the Petition within the 30 days prior to the filing of this Notice of Removal and hereby consent to and remove this action. 28 U.S.C. § 1446(b)(2)(B).

**BASIS OF REMOVAL**

8.      Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because this Court would have original subject matter jurisdiction over this action under 28 U.S.C. § 1331.

9.      This case and all claims in this case arise under federal law: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*[1]

10.      This action is removable under this Court's federal question jurisdiction because Plaintiff's well-pleaded complaint alleges an FLSA claim that arises under federal law. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

11.      As this Court has recognized, the Supreme Court held that the FLSA claims are removable from state court. *See Abeyta v. Liberty Mut. Group, Inc.*, 2014 WL 3535215, at *2 (W.D. Tex. July 16, 2014) (citing *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003).

12.      Plaintiff unquestionably could have begun this action in District Court under § 216(b), as well as under 28 USC §§ 1331 and 1337(a). *See Breuer*, 538 U.S. 69 at 693.

13.      No statutory language in § 216(b) or otherwise prohibits removal. *Id*. For the reasons set out above, all of the claims asserted in Plaintiff's Petition are within this Court's original federal-question jurisdiction. But even if particular claims were not subject to original federal-question jurisdiction, those claims would be within this Court's jurisdiction under 28 U.S.C. § 1367(a) because they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

### THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

14.      Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. Removal of this action is therefore proper under 28 U.S.C. §§ 1441 and 1446.

---

[1] Plaintiff also pleaded for her attorney fees in the alternative under Texas Labor Code § 62.205. **Exhibit A**, p.5. However, she did not state a cause of action under the Texas Minimum Wage Act. *Id*.; Tex. Lab. Code § 62.001. To the extent a state law claim was pleaded, Defendants request that this Court exercise its supplemental jurisdiction over those claims. 28 U.S.C. § 1367(a).

15.     True and correct copies of all process, pleadings, and orders served on Defendants to date are attached collectively to this Notice of Removal as **Exhibit A**. 28 U.S.C. § 1446(a).

16.     Upon filing this Notice of Removal, Defendants will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice of Removal with the Clerk of the County Court at Law No. 1 of Travis County, Texas, in accordance with 28 U.S.C. § 1446(d).

17.     In filing this Notice of Removal, Defendants expressly reserve and do not waive all defenses available to them, including their defenses under Rule 12 of the Federal Rules of Civil Procedure.

**JURY DEMAND**

18.     Plaintiff did not request a jury in the state court action filed with the County Court at Law No. 1 of Travis County, Texas.

WHEREFORE, this action is hereby removed from the County Court at Law No. 1 of Travis County, Texas, to the United States District Court for the Western District of Texas. The undersigned Defendants respectfully request that this Court take jurisdiction of this action to the exclusion of further proceedings in said state court and that this action proceed in this Court as a properly removed action.

Respectfully submitted,

HAJJAR PETERS, LLP
3144 Bee Cave Road
Austin, Texas 78746
Telephone: (512) 637-4956
Facsimile: (512) 637-4958


By:   */s/ Chris Wike*_____
        Chris Wike
        State Bar No. 24042155
        cwike@legalstrategy.com

        *Attorney for Defendants Danny Spears,*
        *individually, and Indigo Facility Partners.*

## CERTIFICATE OF SERVICE

I certify that on September 22, 2021, a true and correct copy of the foregoing **Notice of Removal** was filed using the CM/ECF system, which will effectuate service on all counsel of record.


Austin Kaplan (akaplan@kaplanlawatx.com)
Matthew "Maff" Caponi (mcaponi@kaplanlawatx.com)
KAPLAN LAW FIRM, PLLC
406 Sterzing Street
Austin, Texas 78704
Fax: (512) 692-2788
*Attorneys for Plaintiff*

/s/ Chris Wike_____
Chris Wike
*Attorney for Defendants*

# Exhibit A

Filed: 8/17/2021 6:33 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-21-003876
Ruby Ontiveros

CAUSE NO. <u>C-1-CV-21-003876</u>

| | | |
|---|---|---|
| TAYLER MILLER,<br>Plaintiff, | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | NO. <u>  1  </u> |
| | § | |
| DANNY SPEARS, INDIVIDUALLY, and | § | |
| INDIGO FACILITY PARTNERS, | § | |
| Defendants. | § | OF TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW Plaintiff Tayler Miller ("Plaintiff") and brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.  She shows as follows:

### I.   DISCOVERY AND STATEMENT OF RELIEF

1. Plaintiff requests that this lawsuit be governed by the Expedited Actions process pursuant to Rule 169 of the Texas Rules of Civil Procedure and that discovery be governed by Rule 190.2 of the Texas Rules of Civil Procedure. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff states that the damages sought are within the jurisdictional limits of this Court and that Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

### II.   PARTIES

2. Plaintiff is an individual who resides in Travis County, Texas.

3. Defendant Indigo Facility Partners ("Indigo") is an active Texas for-profit corporation that is authorized to do business in Texas and is doing business in Texas.  Defendant may be served with process by service on its registered agent for service, The IICCM, 500 S. Congress Ave #126, Austin, Texas 78704. Defendant will be given the opportunity to waive service pursuant

to Rule 119 of the Texas Rules of Civil Procedure.

4. Defendant Danny Spears is an individual.  He is the owner of Indigo Facility Partners and was an employer of Plaintiff.  He may be served with process at the address at which he resides, 13372 Wire Rd., Leander, Texas 78641. Defendant will be given the opportunity to waive service pursuant to Rule 119 of the Texas Rules of Civil Procedure.

### III.  JURISDICTION

5. This Court has subject matter jurisdiction because the amount in controversy exceeds this court's minimum jurisdictional requirements.

### IV.  VENUE

6. Venue is proper in Travis County, Texas because it is the County in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. TEX. CIV. PRAC. & REM. CODE § 15.002.

### V.  FACTUAL BACKGROUND

7. Plaintiff Tayler Miller was employed as a Lead Generation Specialist by Defendants.

8. On information and belief, Defendant Spears is the owner, operator, and controller of Defendant Indigo Facility Partners.

9. Plaintiff was employed by Defendants from approximately April 2, 2019, to April 16, 2020.

10. Plaintiff regularly worked in excess of 40 hours a week while employed with Defendants.

11. Plaintiff was a non-exempt employee entitled to overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

12. Defendants are an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA and are obligated to pay their employees in accordance with the FLSA.

13. Defendants were obligated to pay their employees in accordance with the FLSA at all times Plaintiff was employed with Defendants.

14. Defendants failed to pay Plaintiff overtime as required by the FLSA for hours worked in excess of forty hours per week. Specifically, Defendants failed to pay Plaintiff at the rate of 1.5 times her regular rate for hours worked in excess of 40 hours in a workweek.

15. Instead, Defendants paid Plaintiff at her normal hourly rate but only up to a maximum of 40 hours per week and failed to pay her any wages for hours worked in excess of 40 in a workweek.

16. Plaintiff typically worked Monday to Friday from approximately 7:00 AM or 7:30 AM to 6:00 PM. In addition, Plaintiff was required to work on the weekends, answering calls and pursuing customer leads. Initially, Defendants expected Plaintiff to work 4-6 hours on the weekend but this quickly turned into Plaintiff answering and returning calls most of the day on both Saturday and Sunday.

17. Plaintiff's job duties were focused around answering and pursuing leads, generating estimates, and generally trying to generate business for Defendants. Plaintiff never had any hire or fire input into other employees of Defendants.

18. When she was first hired, Plaintiff and Defendant agreed that she would be paid an hourly rate of $18.00 per hour. After approximately six months, this hourly rate increased to $19.50 per hour.

19. However, Defendants still only ever paid Plaintiff for a maximum of 40 hours per week, regardless of how many hours over 40 she worked in a week. Defendants promised Plaintiff that she could take time off during the week in compensation for time worked over 40 hours on the weekend but this never materialized.

20. Defendants knew, or showed reckless disregard for whether, their failure to pay Plaintiff overtime properly pursuant to the FLSA for all hours worked in excess of 40 hours a week, was in violation of the FLSA.

21. Defendant Spears repeatedly acknowledged that Plaintiff and other employees were not being fully and correctly compensated for their hours worked and overtime hours worked and promised that they would be fully compensated in the future. However, this promise never materialized and Defendants continued to fail to properly compensate Plaintiff and her coworkers.

22. Defendants also failed to keep records required by the FLSA.

23. Plaintiff was Defendants' employee. Defendants and their agents directed and controlled Plaintiff's work, including where and when she worked, how she performed her work, and what her regular rate of pay would be.

24. As a matter of economic reality, Plaintiff was dependent upon Defendants for her work. Plaintiff invested her time only in Defendants' enterprise during his employment with Defendants; she did not have any outside "customer base." Plaintiff received a Form W-2 from Defendants.

25. Defendant Spears possessed the power to hire and fire employees, including Plaintiff.

26. Defendant Spears supervised and controlled employee work schedules and conditions of employment, including that of Plaintiff.  Spears was involved in the day-to-day supervision of Plaintiff.

27. Defendant Spears maintains employment records.  On information and belief, employment records, including those for Plaintiff's employment with Defendants, are kept at the office at 1600 W. Stassney Ln #B, Austin, TX 78745, where they are overseen by Spears.

### VI.   CAUSE OF ACTION: THE FAIR LABOR STANDARDS ACT

28. Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

29. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an
employer with respect to Plaintiff.

30. At all relevant times, Defendants have been an "employer" within the meaning of Section 3(d)
of the FLSA, 29 U.S.C. § 203(r).

31. Defendants' conduct and practices violated the provisions of the FLSA, 29 U.S.C. § 201 et
seq., including but not limited to violations of § 207(a)(1).  The above-described actions of the
Defendants violated Plaintiff's rights under the Fair Labor Standards Act, for which Plaintiff
is entitled to relief pursuant to 29 U.S.C. § 216(b).

32. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal
pattern or practice of failing to pay overtime compensation to Plaintiff.

### VII.   CONDITIONS PRECEDENT

33. All conditions precedent to filing this lawsuit have been performed or have occurred.

### VIII.   ATTORNEYS' FEES

34. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully
rewritten herein.

35. Plaintiff is entitled to recover attorneys' fees and costs for bringing this action pursuant to 29
U.S.C. § 216(b) and/or Texas Labor Code §62.205.

### IX.   REQUEST FOR DISCLOSURE

36. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose,
within 50 days of the service of this request, the information or material described in Rule
194.2.

## X.   **PRAYER**

37. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial by this Court, Plaintiff be granted judgment against Defendants within the jurisdictional limits of this Court for:

(a) the amount of the Plaintiff's unpaid overtime compensation;

(b) an equal amount in liquidated damages;

(c) pre and post judgment interest as provided by law;

(d) costs of court, attorney fees and expenses, and;

(e) such other and further relief, at law or in equity, to which Plaintiff may justly be entitled.

Respectfully submitted,

**KAPLAN LAW FIRM, PLLC**

Austin Kaplan
Texas Bar No. 24072176
akaplan@kaplanlawatx.com
Matthew "Maff" Caponi
Texas Bar No. 24109154
mcaponi@kaplanlawatx.com
406 Sterzing St.
Austin, TX 78704
Phone: (512) 553-9390
Fax: (512) 692-2788

**COUNSEL FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christie Coffey on behalf of Maff Caponi
Bar No. 24109154
ccoffey@kaplanlawatx.com
Envelope ID: 56403118
Status as of 8/19/2021 8:18 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Austin HKaplan | | akaplan@kaplanlawatx.com | 8/17/2021 6:33:37 PM | SENT |
| Christie Coffey | | ccoffey@kaplanlawatx.com | 8/17/2021 6:33:37 PM | SENT |
| Maff Caponi | | mcaponi@kaplanlawatx.com | 8/17/2021 6:33:37 PM | SENT |
| John Higgs | | jhiggs@kaplanlawatx.com | 8/17/2021 6:33:37 PM | SENT |



# Dana DeBeauvoir
## Travis County Clerk

Select Language ▼    A A A

# All Civil Events

<< Return to Details

## Causes and Parties

| Cause No. | Full Name | Party |
|---|---|---|
| C-1-CV-21-0038... | SPEA... DAN... | DF1 |
| C-1-CV-21-0038... | INDI... FACIL... PART... | DF2 |
| C-1-CV-21-0038... | MILL... TAYL... | PL1 |

## All Events

| Event Seq. No. | Event Date | Event Description | Party Type | Amount |
|---|---|---|---|---|
| 1 | 08/17/2021 | OPN:CV ORIGINAL PETITION | | - |
| 1 | 08/19/2021 | ASM:CV CIVIL FILING FEE | PL1 | $272.00 |
| 2 | 08/19/2021 | ASM:CV ISSUANCE FEE | PL1 | $8.00 |
| rcpt | 08/19/2021 | PMT:CV CIVIL FILING FEE | | $272.00 |
| rcpt | 08/19/2021 | PMT:CV ISSUANCE FEE | | $8.00 |
| 1 | 08/23/2021 | ISS:CV CITATION | DF1 | - |
| 2 | 08/23/2021 | ISS:CV CITATION | DF2 | - |
| 3 | 08/23/2021 | ISS:CV FILE COPY OF CITATION | | - |

| Event Seq. No. | Event Date | Event Description | Party Type | Amount |
|---|---|---|---|---|
| 4 | 08/23/2021 | ISS:CV FILE COPY OF CITATION | | - |

The Travis County Clerk maintains the county's records, administers elections, and oversees legal documentation (such as property deeds, marriage licenses and assumed name certificates).

**Main Phone Line:** *(512) 854-9188* | **24 Hour Voter Hotline:** *(512) 238-VOTE (8683)* | **Election Division:** *(512) 854-4996* | **Misdemeanor Division:** *(512) 854-9440*



Copyright © 2021. Travis County Clerk. Designed by Shape5.com Joomla Templates

## *CITATION*

**THE STATE OF TEXAS**
To:
**DANNY SPEARS**
**13372 WIRE RD**
**LEANDER, TX   78641**

**Defendant,** in the hereinafter styled and numbered cause:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.
 A copy of the petition accompanies this citation, in cause number **C-1-CV-21-003876,** styled
**TAYLER MILLER V D SPEARS ETAL**

Filed in **COUNTY COURT AT LAW #1,** Heman Marion Sweatt Travis County Courthouse, 1000 Guadalupe, Austin,Texas on **August 17, 2021.**
Given under my hand and seal of Dana DeBeauvoir, County Clerk on **August 23, 2021.**

County Clerk, Travis County, Texas<br>P.O. Box 149325, Austin, Texas 78714-9325

By Deputy:<br>      RUBY ONTIVEROS

Plaintiff Attorney
**MATTHEW BARTON CAPONI**
**406 STERZING STREET**
**AUSTIN, TX   78704**
----------------------------- OFFICER'S RETURN -------------------------
Came to the hand on the _____ day of _____, 20___ at ____o'clock___ M. Executed at _____ within County of _____ at ___o'clock ____M on the _____ day of _____,20___, by delivering to the within named
_____
a true copy of this citation together with the accompanying copy of the petition having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

To certify which witness my hand officially.
_____ of _____ County, Texas
              By Deputy _____
FEES PAID $_____

## *CITATION*

**THE STATE OF TEXAS**
To:
**INDIGO FACILITY PARTNERS**
**BY SERVING ITS REGISTERED AGENT, THE IICCM**
**500 S. CONGRESS AVE #126**
**AUSTIN, TX  78704**

**Defendant,** in the hereinafter styled and numbered cause:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.
 A copy of the petition accompanies this citation, in cause number **C-1-CV-21-003876,** styled
**TAYLER MILLER V D SPEARS ETAL**

Filed in **COUNTY COURT AT LAW #1,** Heman Marion Sweatt Travis County Courthouse, 1000 Guadalupe, Austin,Texas on **August 17, 2021.** Given under my hand and seal of Dana DeBeauvoir, County Clerk on **August 23, 2021.**

County Clerk, Travis County, Texas
P.O. Box 149325, Austin, Texas 78714-9325

By Deputy:
                    RUBY ONTIVEROS

Plaintiff Attorney
**MATTHEW BARTON CAPONI**
**406 STERZING STREET**
**AUSTIN, TX  78704**
------------------------------ OFFICER'S RETURN ------------------------
Came to the hand on the _____ day of _____, 20___ at ___o'clock ____M.  Executed at _____ within County of _____ at ____o'clock ___M on the _____ day of _____,20___, by delivering to the within named
_____
a true copy of this citation together with the accompanying copy of the petition having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

To certify which witness my hand officially.
_____ of _____ County, Texas
                    By Deputy _____
FEES PAID $_____



# KAPLAN LAW FIRM, PLLC

406 Sterzing Street, Austin, Texas 78704      P: (512) 553-9390      F: (512) 692-2788

August 24, 2021

***Via Email:***
Christopher Wike
Partner, Hajjar / Peters, LLP
3144 Bee Caves Road
Austin, Texas 78746
Chris.wike@legalstrategy.com

**RE:   Tayler Miller v.  Danny Spears, individually, and Indigo Facility Partners, No. C-1-CV-21-003876, in the County Court No. 1 of Travis County, Texas**

Dear Mr. Wike:

This Firm represents Tayler Miller in the above-captioned case against Danny Spears ("Spears") and Indigo Facility Partners ("Indigo"). I understand you to represent Mr. Spears and Indigo in connection with this matter. Please direct all correspondence regarding this matter to this firm.

Ms. Miller worked for Spears and Indigo as a Lead Generation Specialist from April 2, 2019 to April 16, 2020. During her employment, she consistently worked more than 40 hours in a given workweek and was never compensated for those hours and time-and-a-half her regular rate of pay as required by the Fair Labor Standards Act ("FLSA").

Miller was told upon being interviewed and hired that she would be paid $18.00 per hour and that she would work a standard 8:00 AM to 5:00 PM Monday to Friday schedule. However, her schedule started out as 8:00 AM to 6:00 PM and quickly escalated to 7:00 AM or 7:30 AM to 6:00 PM, Monday to Friday, with additional work required on the weekend. Indigo and Spears' expectation was that she would work four to six hours on the weekends answering calls and pursuing customer leads and that she would get that time off during the week, which of course she never did. Miller commonly worked as early as 8:00 AM and as late as 7:00 PM on the weekends returning customer calls. Instead of being paid hourly with overtime, her time was entered as $18.00 per hour for 40 hours per week, regardless of actual hours worked, with no overtime compensation. On average, Miller conservatively estimates she worked 50 hours per week, if not more.

Her duties for the majority of her employment consisted of pursuing and following up on leads, compiling and scheduling estimates, and generally pursuing business for Indigo and Spears. As of February 2020, when another employee departed, Miller took on additional duties scheduling the jobs for Indigo's crews. She continued performing her normal lead generation duties and did not have hire/fire input during her employment, which concluded in April 2020.

Because we are confident as to liability in this matter, as follows is an estimate of Ms. Miller's potential damages in this case.

Miller was paid 18.00 per hour times for approximately six months or 26 weeks (April 2, 2019 to October 2, 2019), before having her pay raised to $19.50 per hour for the remainder of her employment (28 weeks to April 16, 2020).

At $18.00 per hour, Miller's overtime rate was $27.00 ($18 * 1.5). At an average of 50 hours per week, Miller is owed $270 per week ($27 * 10) for approximately 26 weeks, or $7,020 ($270 * 26).[1] At $19.50 per hour, Miller's overtime rate was $29.25 ($19.50 * 1.5). At an average of 50 hours per week, Miller is owed $292.50 per week ($29.25 * 10) for approximately 28 weeks, or $8,190 ($292.50 * 28). In total, Miller is owed **$15,210** in unpaid overtime. Additionally, Miller may recover an equal amount as liquidated damages, for a total of **$30,420**.[2]

Finally, as you know, FLSA plaintiffs are entitled to recover from defendants all their attorneys' fees and costs incurred in pursuing these claims in the event of a recovery of any amount. In FLSA litigation, if defendants do not resolve valid claims quickly, it is common that plaintiffs will recover more in attorney's fees than the value of damages in the case.[3] While we are still early in litigation, our attorneys' fees and costs already exceed **$2,000.00** to date and will only increase if we cannot promptly resolve this matter.

---

[1] If the FLSA's two-year statute of limitations applies, which we do not concede, instead of its maximum three years, then Miller would be able to recover from August 18, 2019 forward, which includes 7 weeks at $18.00 per hour instead of 26, reducing her overtime damages for this initial period to $1,890 ($27 * 10 * 7), or $3,780 with liquidated damages. Her total overtime damages under a two-year statute of limitations would thus be $10,080 ($1,890 + $8,190) or $20,160 with liquidated damages.

[2] Doubling an award is the norm under the FLSA, and the court's discretion "must be exercised consistently with the strong presumption under the statute in favor of doubling." *Nero v. Indust. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999) (*quoting Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998)). "[T]he employer faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA. And, the award of liquidated damages remains within the discretion of the trial court; 'even if the district court determines that the employer's actions were in good faith and based on reasonable grounds, the court has discretion to award liquidated damages.'" *Bernard v. Ibp, Inc.*, 154 F.3d 259, 267 (5th Cir. 1998).

[3] *See, e.g., Howe v. Hoffinan-Plaintiffs Partners Ltd, LLP*, 215 Fed. Appx. 341 (5th Cir. 2007) (finding that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples" and granting attorneys' fees of $129,805.50 with damages of $23,357.30); *Willis v. Full Service Construction et al*, CA 4:14-cv-1673, Dkt. 77, (S.D.Tex., Feb. 26, 2016) ($6,686.20 in damages and $99,291.75 in fees and costs); *Lucio-Contu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) ($3,349.29, $1,296.00, and $52.50 in damages for three Plaintiffs and $51,750.00 in attorneys' fees); *Cox v. Brookshire Grocery Co*., 919 F.2d 354, 358 (5th Cir. 1990) ($1,698.00 in damages and $9,250 in attorney's fees); *Albers v. Tri-State Implement, Inc*., 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) ($2,137.97 in damages and $43,797.00 in fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 962 (E.D. Wis. 2003) ($3,540.00 in damages and $36,204.88 in fees); *Roussel v. Brinker International, Inc*., 2010 WL 1881898 (S.D. Tex. 2010) (awarding attorney fee recovery of approximately $1,600,000.00 on recovery of approximately $200,000.00 for Plaintiffs); *Howe v. Hoffman-Plaintiffs Partners, Ltd., LLP*, 215 Fed App'x 341, 342 (5th Circ. 2007) (affirming $125,805 in attorneys' fees where the plaintiff recovered $23,357 in damages); *Hilton v. Executive Self Storage Associates, Inc*., CA 4:06-cv-02744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) (awarding $21,132.05 in fees on damages of $2,000.00 in an FLSA case); *Villegas v Regions Bank*, CA 4:11-cv-00904 (S.D. Texas 2013, Dkt 27) (awarding $13,230.00 in fees on damages of $1,413.00 in FLSA case); *Black v. SettlePou, P.C*., No. 3:10-CV-1418-K, 2014 WL 3534991, at *4 (N.D. Tex. July 17, 2014) (on remand from the Fifth Circuit, awarding $232,400.81 in fees on $23,747.56 in damages in FLSA case).

Page **3** of **3**

Based on the above, and in the interest of resolving this matter swiftly, my client is prepared to resolve her claims for **$27,000.00** in exchange for a mutual release. This offer will remain open until 6:00 pm on September 3, 2021, at which time it will be rescinded on its own terms.

I am available by phone at 512-638-0357 if you would like to discuss this matter. Thank you for your attention to this issue.

Sincerely,

***/s/ Matthew Caponi***
**Kaplan Law Firm, PLLC**