Filed: 8/17/2021 6:33 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-21-003876
Ruby Ontiveros

CAUSE NO. C-1-CV-21-003876

| | | |
|---|---|---|
| TAYLER MILLER, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | |
| V. | § | NO. __1__ |
| | § | |
| DANNY SPEARS, INDIVIDUALLY, and | § | |
| INDIGO FACILITY PARTNERS, | § | |
| Defendants. | § | OF TRAVIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

COMES NOW Plaintiff Tayler Miller ("Plaintiff") and brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. She shows as follows:

**I.   DISCOVERY AND STATEMENT OF RELIEF**

1. Plaintiff requests that this lawsuit be governed by the Expedited Actions process pursuant to Rule 169 of the Texas Rules of Civil Procedure and that discovery be governed by Rule 190.2 of the Texas Rules of Civil Procedure. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff states that the damages sought are within the jurisdictional limits of this Court and that Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

**II.   PARTIES**

2. Plaintiff is an individual who resides in Travis County, Texas.

3. Defendant Indigo Facility Partners ("Indigo") is an active Texas for-profit corporation that is authorized to do business in Texas and is doing business in Texas. Defendant may be served with process by service on its registered agent for service, The IICCM, 500 S. Congress Ave #126, Austin, Texas 78704. Defendant will be given the opportunity to waive service pursuant

to Rule 119 of the Texas Rules of Civil Procedure.

4. Defendant Danny Spears is an individual. He is the owner of Indigo Facility Partners and was an employer of Plaintiff. He may be served with process at the address at which he resides, 13372 Wire Rd., Leander, Texas 78641. Defendant will be given the opportunity to waive service pursuant to Rule 119 of the Texas Rules of Civil Procedure.

### III. JURISDICTION

5. This Court has subject matter jurisdiction because the amount in controversy exceeds this court's minimum jurisdictional requirements.

### IV. VENUE

6. Venue is proper in Travis County, Texas because it is the County in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. TEX. CIV. PRAC. & REM. CODE § 15.002.

### V. FACTUAL BACKGROUND

7. Plaintiff Tayler Miller was employed as a Lead Generation Specialist by Defendants.

8. On information and belief, Defendant Spears is the owner, operator, and controller of Defendant Indigo Facility Partners.

9. Plaintiff was employed by Defendants from approximately April 2, 2019, to April 16, 2020.

10. Plaintiff regularly worked in excess of 40 hours a week while employed with Defendants.

11. Plaintiff was a non-exempt employee entitled to overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

12. Defendants are an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA and are obligated to pay their employees in accordance with the FLSA.

13. Defendants were obligated to pay their employees in accordance with the FLSA at all times Plaintiff was employed with Defendants.

14. Defendants failed to pay Plaintiff overtime as required by the FLSA for hours worked in excess of forty hours per week. Specifically, Defendants failed to pay Plaintiff at the rate of 1.5 times her regular rate for hours worked in excess of 40 hours in a workweek.

15. Instead, Defendants paid Plaintiff at her normal hourly rate but only up to a maximum of 40 hours per week and failed to pay her any wages for hours worked in excess of 40 in a workweek.

16. Plaintiff typically worked Monday to Friday from approximately 7:00 AM or 7:30 AM to 6:00 PM. In addition, Plaintiff was required to work on the weekends, answering calls and pursuing customer leads. Initially, Defendants expected Plaintiff to work 4-6 hours on the weekend but this quickly turned into Plaintiff answering and returning calls most of the day on both Saturday and Sunday.

17. Plaintiff's job duties were focused around answering and pursuing leads, generating estimates, and generally trying to generate business for Defendants. Plaintiff never had any hire or fire input into other employees of Defendants.

18. When she was first hired, Plaintiff and Defendant agreed that she would be paid an hourly rate of $18.00 per hour. After approximately six months, this hourly rate increased to $19.50 per hour.

19. However, Defendants still only ever paid Plaintiff for a maximum of 40 hours per week, regardless of how many hours over 40 she worked in a week. Defendants promised Plaintiff that she could take time off during the week in compensation for time worked over 40 hours on the weekend but this never materialized.

20. Defendants knew, or showed reckless disregard for whether, their failure to pay Plaintiff overtime properly pursuant to the FLSA for all hours worked in excess of 40 hours a week, was in violation of the FLSA.

21. Defendant Spears repeatedly acknowledged that Plaintiff and other employees were not being fully and correctly compensated for their hours worked and overtime hours worked and promised that they would be fully compensated in the future. However, this promise never materialized and Defendants continued to fail to properly compensate Plaintiff and her coworkers.

22. Defendants also failed to keep records required by the FLSA.

23. Plaintiff was Defendants' employee. Defendants and their agents directed and controlled Plaintiff's work, including where and when she worked, how she performed her work, and what her regular rate of pay would be.

24. As a matter of economic reality, Plaintiff was dependent upon Defendants for her work. Plaintiff invested her time only in Defendants' enterprise during his employment with Defendants; she did not have any outside "customer base." Plaintiff received a Form W-2 from Defendants.

25. Defendant Spears possessed the power to hire and fire employees, including Plaintiff.

26. Defendant Spears supervised and controlled employee work schedules and conditions of employment, including that of Plaintiff.  Spears was involved in the day-to-day supervision of Plaintiff.

27. Defendant Spears maintains employment records.  On information and belief, employment records, including those for Plaintiff's employment with Defendants, are kept at the office at 1600 W. Stassney Ln #B, Austin, TX 78745, where they are overseen by Spears.

## VI.  CAUSE OF ACTION: THE FAIR LABOR STANDARDS ACT

28. Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

29. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

30. At all relevant times, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

31. Defendants' conduct and practices violated the provisions of the FLSA, 29 U.S.C. § 201 et seq., including but not limited to violations of § 207(a)(1).  The above-described actions of the Defendants violated Plaintiff's rights under the Fair Labor Standards Act, for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 216(b).

32. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Plaintiff.

## VII.  CONDITIONS PRECEDENT

33. All conditions precedent to filing this lawsuit have been performed or have occurred.

## VIII.  ATTORNEYS' FEES

34. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

35. Plaintiff is entitled to recover attorneys' fees and costs for bringing this action pursuant to 29 U.S.C. § 216(b) and/or Texas Labor Code §62.205.

## IX.  REQUEST FOR DISCLOSURE

36. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

# X. PRAYER

37. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial by this Court, Plaintiff be granted judgment against Defendants within the jurisdictional limits of this Court for:

(a) the amount of the Plaintiff's unpaid overtime compensation;

(b) an equal amount in liquidated damages;

(c) pre and post judgment interest as provided by law;

(d) costs of court, attorney fees and expenses, and;

(e) such other and further relief, at law or in equity, to which Plaintiff may justly be entitled.

Respectfully submitted,

**KAPLAN LAW FIRM, PLLC**

_____

Austin Kaplan
Texas Bar No. 24072176
akaplan@kaplanlawatx.com
Matthew "Maff" Caponi
Texas Bar No. 24109154
mcaponi@kaplanlawatx.com
406 Sterzing St.
Austin, TX 78704
Phone: (512) 553-9390
Fax: (512) 692-2788

**COUNSEL FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christie Coffey on behalf of Maff Caponi
Bar No. 24109154
ccoffey@kaplanlawatx.com
Envelope ID: 56403118
Status as of 8/19/2021 8:18 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Austin HKaplan | | akaplan@kaplanlawatx.com | 8/17/2021 6:33:37 PM | SENT |
| Christie Coffey | | ccoffey@kaplanlawatx.com | 8/17/2021 6:33:37 PM | SENT |
| Maff Caponi | | mcaponi@kaplanlawatx.com | 8/17/2021 6:33:37 PM | SENT |
| John Higgs | | jhiggs@kaplanlawatx.com | 8/17/2021 6:33:37 PM | SENT |